Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION FUND, BAY AREA PAINTERS AND TAPERS HEALTH FUND, BAY AREA PAINTERS AND TAPERS JOINT APPRENTICESHIP TRAINING FUNDS, AND THEIR JOINT BOARDS OF TRUSTEES; FRED  INMAN AND CHARLES DEL MONTE, AS TRUSTEES; AND DISTRICT COUNCIL 16 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES; | Case No.:  C07-2939  SC **NOTICE AND ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION** |
| Plaintiffs, | |
| v. | |
| ACOUSTI-CON, INC., | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the parties hereto, that the Judgment may

be entered in the within action in favor of the plaintiffs and against defendant ACOUSTI-CON,

INC., as follows:

///

-1-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C07-2939 JCS**

1.    Defendant entered into a valid collective bargaining agreement with the District Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining Agreement").  This Bargaining Agreement has continued in full force and effect to the present time.

2.    Richard Fabrizio, President of Acousti-Con, Inc., hereby acknowledges that he is authorized to receive service and has received the following documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of  California; Order Setting Initial Case Management Conference; Standing Order; Notice of Availability of Magistrate Judge to Exercise Jurisdiction; Instructions for Completion of ADR Forms Regarding Selection of ADR Process;   Stipulation and [Proposed] Order Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; ECF Registration Information Handout; Welcome to the U.S. District Court, San Francisco.

3.    Defendant has become indebted to the Trust Funds for amounts due and owing under the terms of the Collective Bargaining Agreement and Trust Agreements as follows:

| | | |
|---|---:|---:|
| Shortages on C. Anguiano contributions (4/06-11/06) | $10,634.81 | |
| 10% Liquidated Damages | $1,063.48 | |
| 7% Interest per annum (through 5/31/07) | $644.70 | |
| | | $12,342.99 |
| Shortages on H. Campa contributions (8/06-11/06) | $6,266.88 | |
| 10% Liquidated Damages | $626.69 | |
| 7% Interest per annum (through 5/31/07) | $308.41 | |
| | | $7,201.98 |
| 4/07 liquidated damages / interest | | $1,246.62 |
| Attorneys Fees (5/18/07-6/5/07) | | $850.00 |
| **TOTAL** | | **$21,641.59** |

///

-2-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C07-2939 JCS**

4.    Defendant shall *conditionally* pay the amount of **$19,951.42** (the total, less $1,690.17 in liquidated damages) upon Trustee approval and timely compliance with all of the terms of this Stipulation as follows:  Beginning on June 20, 2007, and continuing on or before the 20th of every month thereafter for a period of 12 months (through May 20, 2008), defendant shall pay to plaintiffs **$1,727.00** per month. Defendant shall have the right to increase the monthly payments at any time, and can be made by joint check, endorsed by defendant prior to submission to plaintiffs.

(a)    Payments shall be applied first to unpaid interest at the rate of 7% per annum on the unpaid principal balance, in accordance with plaintiffs' Trust Agreements.

(b)    Payments shall be made to the Bay Area Painters and Tapers Trust Funds, and delivered to Michele R. Stafford, Saltzman & Johnson Law Corporation, 120 Howard Street, Suite 520, San Francisco, CA  94105 **on or before the 20th of each month as stated above**, or to such other address as may be specified by plaintiffs.  In the event that any check is not timely submitted or  submitted by defendant but fails to clear the bank, or is unable to be negotiated for any reason, this shall be considered to be a default on the Judgment entered.  If this occurs, plaintiffs shall make a written demand to defendant to cure said default.  Default will only be cured by the issuance of a replacement, **cashier's check**, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from plaintiffs.  If defendant elects to cure said default, and plaintiffs elect to accept future payments, all such payments shall be made by cashier's check.  In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by plaintiffs.

(c)    At the time that defendant makes its 11th payment, defendant may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to

Saltzman and Johnson Law Corporation with the 11th payment.  Defendants will be advised as to whether or not the waiver has been granted prior to the final payment hereunder.

5.      Beginning with contributions due for hours worked by defendant's employees during the month of May 2007, to be postmarked no later than June 20, 2007, and for every month thereafter until this judgment is satisfied, defendant **shall remain current in contributions** due to plaintiffs under the current Collective Bargaining Agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust as amended.  **Defendant shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Michele R. Stafford at 415-882-9287, prior to sending the payment to the Trust Funds.** Failure by defendant to remain current in its contributions shall constitute a default of the obligations under this agreement and the provisions of Paragraph 9 shall apply.  Any such unpaid or late paid contributions, together with 10% liquidated damages and 7% per annum interest accrued on the total contributions and liquidated damages, shall be added to and become a part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions and the provisions of this agreement are in addition thereto.

6.      It is agreed that defendant shall provide to Michele R. Stafford copies of all certified payrolls in connection with each and every project for which they are kept, including but not limited to public works and prevailing wage jobs.

7.      It is further stipulated and agreed that Richard Fabrizio (hereinafter referred to as "guarantor") of Acousti-Con, Inc., shall personally guarantee payment of the amounts owed by defendant to the plaintiffs, under the terms of this Stipulation.  In consideration of the terms of this Stipulation, defendant, and guarantor, submit herein to the jurisdiction of this Court and stipulate to the terms set forth herein for any additional  payments due to plaintiffs pursuant to paragraphs 4

and 5 herein.

8.    Prior to the last payment pursuant to this Stipulation, plaintiffs shall advise defendant/guarantor, in writing, of any additional amounts owed pursuant to the Stipulation, which shall include, but not be limited to, any additional attorneys fees and costs incurred in this matter. Said amount shall be paid with the last payment, on or before May 20, 2008. In the event that the requested waiver of liquidated damages is not granted, this amount shall be included and paid with the final payment hereunder.

9.    In the event that defendant/guarantor fail to make any payment required under Paragraph 3 above, or fail to remain current in any contributions under paragraph 5 above, then,

(a)    The entire balance of **$21,641.59** plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 10% liquidated damages and 7% per annum interest thereon as provided in above paragraph 5  shall be immediately due, together with any additional attorneys' fees and costs under section (d) below.

(b)    A writ of execution may be obtained against defendant and guarantor without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the plaintiffs setting forth any payment theretofore made by or on behalf of defendant and the balance due and owing as of the date of default.  <u>Defendant and guarantor specifically consent to the authority of a Magistrate Judge for all proceedings, including, but not limited to, plaintiffs' obtaining a writ of execution herein</u>.

(c)    Defendant/guarantor waive notice of entry of judgment and expressly waive all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a writ of execution.

P:\CLIENTS\PATCL\Acousti-Con\Pleadings\C07-2939 JCS Judgment Pursuant to Stipulation 062107.DOC

(d)    Defendant/guarantor shall pay all additional costs and attorneys' fees incurred by plaintiffs in connection with collection and allocation of the amounts owed by defendant to plaintiffs under this Stipulation.

10.    Any failure on the part of the plaintiffs to take any action against defendant or guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the defendant or guarantor of any provisions herein.

11.    Plaintiffs specifically reserve all rights to bring a subsequent action against defendant or guarantor for the collection of any additional contribution delinquencies found to be due for the hours worked during the periods preceding the date of this Stipulation. Defendant specifically waives the defense of the doctrine of res judicata in any such action.

///

///

///

///

///

///

///

///

///

///

///

///

///

-6-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C07-2939 JCS**

12.    In the event of the filing of a bankruptcy petition by defendant or its guarantor, the parties agree that any payments made by defendant or guarantor pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by defendant as a preference under 11 U.S.C. Section 547 or otherwise.  Defendant and its guarantor nevertheless represent that no bankruptcy filing is anticipated.

Dated: June 21, 2007                          ACOUSTI-CON, INC.


                                              By:_____/s/_____
                                                    Richard Fabrizio, President


Dated: June 21, 2007                          RICHARD FABRIZIO


                                              _____/s/_____
                                                    Personal Guarantor


Dated: June 21, 2007                          SALTZMAN & JOHNSON LAW
                                              CORPORATION


                                              By:_____/s/_____
                                                    Michele R. Stafford
                                                    Attorneys for Plaintiffs

IT IS SO ORDERED.


Dated: June 29, 2007

                                              _____
                                              UNITED STATES DISTRICT COURT JUDGE

-7-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C07-2939 JCS**